UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **ALBERT BUTLER** | **CASE NO. 19-cv-180** |
| -vs- | **JUDGE DRELL** |
| **ACCESSIBLE HEALTHCARE SOLUTIONS, LLC, ET AL** | **MAGISTRATE JUDGE PEREZ-MONTES** |

## RULING

Before the court is Plaintiff Albert Butler's motion for default judgment (Doc. 27).

**I.  BACKGROUND**

Albert Butler ("Butler") filed his original complaint on February 13, 2019, against Defendants Accessible Healthcare Solutions, LLC, Esther Perera,[1] and Geeth Perera for violation of the Fair Labor Standards Act ("FLSA"). (Doc. 1). Butler contends he worked for Accessible Healthcare Solutions ("Accessible") as a in home caregiver off and on in 2011 and 2012 and from March 2016 through March 2018. Butler alleges he was misclassified as a salaried/exempt employee under the FLSA and improperly paid a day rate. He further alleges that he worked an average of 72 to 80 hours a week but was never paid time and a half for hours worked in excess of 40 hours.

Defendants were served on April 8, 2019 (Docs. 7-9) and, on June 4, 2019, Geeth Perera ("Perera") attempted to file an answer on behalf of Accessible and himself (Doc. 10). The answer was deemed deficient by the Clerk of Court for lack of an original signature or party and improper form (not on letter-size paper) (Doc. 11) and those Defendants were directed to file an amended

---

[1] Esther Perera was dismissed as a defendant on August 7, 2019 by the Clerk of Court for failure of plaintiff to prosecute or seek a default judgment. (Docs. 12 and 15).

answer to correct the issues. On July 24, 2019, Butler filed a motion to strike the answer noting that more than 10 days had passed since Defendants were directed to amend. (Doc. 13). On January 9, 2020, the court granted the motion and directed the Clerk of Court to strike the Defendants' answer. (Doc. 16).

On January 27, 2020, the Clerk of Court issued a notice of intent to dismiss Accessible for failure to prosecute. (Doc. 17). Butler sought and was granted an extension of time within which to seek a motion for entry of default as to Accessible and Perera. (Docs. 19 and 20). On March 16, 2020, Butler filed a motion for entry of default as to both Accessible and Perera (Doc. 21). The following day, the Clerk of Court provided a notice of entry of the default against both defendants. (Doc 22).

On March 19, Perera attempted again to submit an answer on behalf of Accessible and himself. (Doc. 23). Again, the Clerk of Court issued a notice of deficiency providing that the document was filed on behalf of a party against whom a default had been already entered. The Clerk further said: (1) the proper response was to file a motion to set aside the default; (2) an original signature by Geeth Perera was required to represent himself; and (3) Perera could not represent Accessible as a corporate entity must be represented by counsel pursuant to Fed.R.Civ.P.11. (Doc.24). On April 15, 2020, the court issued an order striking the latest answer. (Doc. 25).

On July 22, 2020, Butler filed the instant motion for a default judgment (Doc. 27), which the court set for an evidentiary hearing on October 7, 2020. (Doc. 29). Defendants Accessible and Perera filed a motion to continue the hearing on October 2, 2020 (Doc. 32) but the motion was denied (Doc. 33).

The evidentiary hearing was held via Zoom as scheduled. Mr. Butler and his counsel, Gregory J. Miller appeared for the hearing. Ester Perera attended the hearing as a member of the public. During the hearing, Butler testified that from 2015 through 2017, he was assigned as an in home caregiver to a patient by the name of Zabicki. Monday through Friday, Butler would work a morning shift from 6:00 a.m to 8:00 am to assist Zabicki get ready for school and then return for an afternoon shift from 3:00 p.m. to 9:00 p.m. On weekends, Butler would work doubles, that is, a 16 hour shift each day.

Sometime in 2017, Butler was reassigned by Accessible as an in home caregiver for a patient by the name of Gibson. Butler's weekday shift at Gibson's home was from 3:00 p.m. to 11:00 p.m. and the weekend shifts were again double shifts. Butler remained in this position until approximately March 2018 when his services were no longer required, according to what he was told by Accessible.

The court directed post hearing briefs to be filed regarding whether Butler was an independent contractor or an employee of Accessible and the breakdown of damages sought. Butler complied with the court's request (Doc. 36) as did Perera (Doc. 37). The court issued an order striking Perera's filing as to Accessible but accepting it on behalf of Perera.

## II. LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure governs application or default judgment. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed.R.Civ.P. 55(a).

The Fifth Circuit disfavors default judgments and favors resolving cases on their merits: "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts

only in extreme situations." Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n, 874 F.2d 272, 276 (5th Cir.1989). Thus, "[a] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." Ganther v. Ingle, 75 F.3d 207, 212 (5th Cir.1996). Rather, it is left to the sound discretion of the district court. Lindsey v. Prive, 161 F.3d at 893. See also, Mason v. Lister, 562 F.2d 343, 345 (5th Cir.1977).

Three procedural steps are required to obtain a default judgment: (1) default by the defendant; (2) entry of default by the Clerk of Court's office; and (3) issuance of a default judgment by the district court. New York Life Ins. Co. v. Brown, 84 F.3d 137, 141 (5th Cir.1996). The first two steps have been met. First, Defendants defaulted when they failed properly to respond to the complaint. Although Defendants attempted to file an answer on two occasions, both of the answers were properly deemed deficient by the Clerk of Court. At the center of both deficiencies was that fact that neither answer contained an original signature of an attorney or party, and, even if Perera had signed one of the answers, he could not represent Accessible, as business entities must be represented by attorneys. Fed.R.Civ.P. 11. Second, the Clerk of Court properly defaulted Accessible and Perera after the legal time delays elapsed and additional filings were not entered on behalf of Defendants.

Following the Clerk of Court's entry of default, Butler properly moved the court for completion of step three. Under the Federal Rules, before a court may issue a default judgment, it must ascertain whether either defendant is a minor, incompetent person, or in military service or otherwise subject to the Soldiers and Sailors Relief Act of 1940. Fed.R.Civ.P. 55. As Accessible is a business entity, it does not fit into any of the aforementioned categories and there is not the slightest indication that Perera does. Additionally, the court must provide a defendant that has appeared in the action with notice of the application for default judgment at least three days prior

to the hearing on default judgment. Fed.R.Civ.P 55(b)(2). Such notice was provided and, again, Perera attempted to delay the hearing. His request was denied for lack of good cause.

District courts in the Fifth Circuit must examine the following six factors when deciding whether or not to grant a default judgment: (1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and, (6) whether the court would think it was obligated to set aside the default on the defendant's motion. Lindsey v. Prive Corp, 161 F.3d 886, 893 (5th Cir.1998).

A defendant, through his default, admits the factual allegations of the complaint, except those relating to the amount of damages. See Jackson v. FIE Corp., 302 F.3d 515, 525 n.29 (5th Cir.2002), reh'g denied (internal citations omitted). Only well pleaded facts, not conclusions of law are presumed to be true. Nishimatsu Const. Co. v. Hous. Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir.1975). Factual allegation need only "be enough to raise a right to relief above the speculative level, on assumption that all the allegation in the complaint are true (even if doubtful in fact)." Wooten v. McDonald Transit Associates, Inc., 788 F.3d 490, 498 (5th Cir. 2015) (quoting Ashcroft v. Iqbal, 566 U.S. 622, 678 (2009)). This standard creates a low threshold. Id. Taking the factual allegations set forth in the complaint and exhibits as true, we find Butler has asserted a plausible claim against Accessible and Perera and the facts are not in dispute.

Second, it is undisputed that Defendants have not properly responded to the complaint. Defendants were allowed two opportunities to correct their deficiencies but failed to do so. Defendants were also allowed the opportunity to file a motion to set aside the default but opted not to do so. Accordingly, a proper appearance was never made by either Accessible or Perera.

Third, as discussed *supra*, the grounds for default against Defendants are clearly established.

Fourth, there is simply no evidence that Defendants' failure to make a proper appearance was the result of a good faith mistake or excusable neglect. The notices issued by the Clerk of Court clearly set forth the reasons for the deficiencies and what corrective action needed to be taken. Defendants simply chose not to comply.

Fifth, Defendants' failure to file a sufficient answer or otherwise defend the suit against them for more than a year mitigates any harshness of the default judgment.

Sixth, and finally, the court is not aware of any facts that would give rise to "good cause" to set aside the default judgment if challenged by the Defendants.

In light of the foregoing, we find it appropriate to issue a written default judgment in this case.

**C. Calculation of Damages**

As the final step in the default judgment analysis, we determine what relief, if any, is warranted. Although a defendant's liability is conclusively established in a default judgment, the amount of damages is not. Law Funder, LLC v. Munoz, 924 F.3d 753, 761 (5th Cir. 2019); U.S. For Use of M-CO Const., Inc. v. Shipco General, Inc., 814 F.2d 1011, 1014 (5th Cir.1987).

In his motion for default judgment, Butler sought judgment against defendants in the amount of $86,496,288, plus attorney's fees and costs. In his post hearing brief, Butler demanded a total of $27,288. This latter demand was based upon an estimated number of hours worked in excess of forty hours over the course of twenty-five months. Butler relies upon his sworn statement which was neither signed nor sworn in the presence of a notary public, plus a few pay stubs through which he argues he has established the number of hours, rate of pay, and dates he worked. This

evidence is insufficient to support his full claim for damages. Nevertheless, the court is able to accurately determine the damages to which Butler is entitled.

In his post hearing brief, Perera provided a spreadsheet that establishes the dates Butler worked, the number of hours worked in excess of forty hours, and the corresponding rate of pay for each pay period. From March 2016 through March 2018, Butler worked nearly 2,000 hours of overtime without being paid. Accordingly, Butler is entitled to $7,959.48 in back pay.

An employer who violates the overtime provisions of the FLSA is also liable for liquidated damages in equal amount to the unpaid overtime compensation, unless he can show that he acted in good faith and had reasonable grounds to believe that his payment practices complied with the FLSA. Singer v. City of Waco, Tex., 324 F.3d 813, 822-23 (5th Cir.2003). The employer has the "substantial burden" of showing that its actions met this requirement. Steele v. Leasing Enterprises, Ltd., 826 F.3d 237, 246 (5th Cir.2016). An employer may not rely on ignorance alone as a reasonable grounds for believing that its actions did not violate the FLSA. Owens v. Marstek, LLC, 548 F.App'x 966, 972-73 (5th Cir.2013) (citations omitted). Perera asserts in his post hearing brief (which we allowed seeking to do substantial justice to the parties) that Butler signed a contract stating he understood he was a contract employee who was not entitled to overtime. Neither this statement, nor the contract, had it been provided, can circumvent the obligations of the FLSA, much less establish "reasonable grounds" for Perera to believe that his payment practices complied with the FLSA. Accordingly, Butler is entitled to liquidated damages in the amount of $7,959.48.

Finally, Butler makes a claim for attorneys fees. The FLSA provides that the court "shall, in addition to any judgment awarded to plaintiff… allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. §216(b). Courts in this district use the lodestar method to calculate such an award, multiplying the number of hours an attorney reasonably spent

on the case by an appropriate hourly rate based on the market for that work in the community. Smith v. Fuller, P.A. v. Cooper Tire & Rubber Co., 685 F.3d 486, 490 (5th Cir.2012). Accordingly, counsel shall submit his lodestar calculation for consideration by the court, within 30 days of this ruling.

### D. Conclusion

For the reasons set forth above, Butler's motion for default judgment is granted. The court will issue a judgment in conformity with these findings.

THUS DONE AND SIGNED this 25 day of February, 2021, at Alexandria, Louisiana.

DEE D. DRELL, JUDGE
UNITED STATES DISTRICT COURT