UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ALBERT BUTLER | CASE NO. 19-cv-180 |
| -vs- | JUDGE DRELL |
| ACCESSIBLE HEALTHCARE SOLUTIONS L.L.C., ET AL | MAGISTRATE JUDGE PEREZ-MONTES |

ORDER

Before the court is Plaintiff Albert Butler's "Motion to Approve Attorney's Fees." (Doc. 44). The motion is filed in response to the court's granting of reasonable attorney's fees and costs pursuant 29 §U.S.C. §216(b) and its order directing Plaintiff's counsel to provide his lodestar calculation for consideration. (Doc. 42 and 43).

The Fifth Circuit applies a two-part process in determining reasonable attorney's fees. Louisiana Power & Light Co. v. Kellstrom, 50 F.3d 319, 323-24 (5th Cir.1995). First, the court must determine the reasonable hourly rate for attorneys that worked on the case and the reasonable number of hours spent doing so. Id. at 324. Second, the court multiplies the reasonable number of hours by the reasonable hourly rates. Id. The number produced from that calculation is called the lodestar. Id. "There is a strong presumption that the lodestar is the reasonable fee." Walker v. U.S. Dep't. of Hous. & Urban Dev., 99 F.3d 761, 771 (5th Cir.1996).

The court must determine the total number of hours claimed for reimbursement are reasonable and "exclude all time that is excessive, duplicative, or inadequately documented." Watkins v. Fordice, 7 F. 3d 453, 457 (5th Cir. 1993). When attorneys submit time reports to the court, the record should evidence "billing judgment." Saizan v. Delta Concrete Products Co., Inc., 448 F.3d 795, 799 (5th Cir.2006). "Billing judgment requires documentation of the hours charged

and the hours written off as unproductive, excessive, or redundant." Id. When attorneys fail to use billing judgment, the district court may "reduce the hours awarded by a percentage intended to substitute for the exercise of billing judgment." Walker, 99 F.3d at 770.

The time report provided by Plaintiff's counsel indicates that 16.8 billable hours were performed by him at the hourly rate of $250. The court finds the hourly rate reasonable and determines the lodestar to be $4,200. The court further finds adequate billing judgment was exercised by Plaintiff's counsel. Thus, the total amount of reasonable attorney's fees is $4,200.

Plaintiff's counsel is also entitled to reasonable costs incurred in this case. Counsel requests $83.20 incurred in postage and to effect service of process. We find those costs reasonable.

Accordingly,

IT IS ORDERED that Accessible Healthcare Solutions, LLC and Geeth Perera must pay Albert Butler's attorney's fees in the amount of $4,283.20 for reasonable attorney's fees and costs incurred.

THUS DONE AND SIGNED this 28th day of July 2021, at Alexandria, Louisiana.

DEE D. DRELL, JUDGE
UNITED STATES DISTRICT COURT